Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
sean@markmausertlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JACKIE MARQUIS, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| ABF FREIGHT SYSTEM, INC., | |
| Defendant. / | |

COMES NOW plaintiff, through counsel, who hereby complain of defendant ABF Freight System, Inc. (hereinafter "ABF"), via this Complaint and Jury Demand as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1. Plaintiff is a woman and a resident of northern Nevada, i.e., Sparks, Nevada, which is located in Washoe County. All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, i.e., in Washoe County, Nevada, where at defendant ABF maintains a place of business and previously employed plaintiff. Plaintiff hereby requests a jury trial relative to all issues so triable. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, dated June 10, 2024, i.e., plaintiff has exhausted administrative remedies in accord with federal law. This Complaint and Jury Demand is timely filed in accordance with the Notice of Right to Sue which accompanies this Complaint and Jury Demand and is incorporated herein.

2. Defendant ABF is a corporation, limited liability company, partnership or some other legal entity, which employed plaintiff in a non-managerial position from approximately 2016 until May 10, 2024 - at which time defendant terminated plaintiff's employment in a retaliatory manner..  At all relevant times defendant employed at least fifteen employees for at least twenty weeks per year.

3. This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada; defendant ABF does substantial business in northern Nevada, e.g., it maintains a place of business in Sparks, Nevada, at which all, or almost all, acts, statements and omissions which form the basis for this lawsuit occurred.  Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3).

4. This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. 2000e, et seq. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343. Jurisdiction exists relative to defendant ABF  because plaintiff is a woman who was subject to retaliation because she opposed sexual harassment, as defined by 42 U.S.C. 2000e, et seq.

First Cause of Action

(Retaliation)

5. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 4, inclusive, as well as all other allegations herein, as though they were fully stated.

6. Plaintiff was subjected, throughout almost the entirety of her work tenure with defendant to a work environment permeated with sexual hostility, e.g., sexually offensive remarks, the loud and routine broadcast of "rap" music replete with graphic sexual statements, gender-based pejorative terms and misogyny - including at times violent misogyny.

7. Plaintiff repeatedly opposed workplace sexual harassment/hostility in a number of ways, e.g., via complaints. Plaintiff's opposition to workplace sexual hostility culminated in a lawsuit, pending before this Court, i.e., Case No.: 3:23-cv-00315-ART-CLB. Plaintiff filed the lawsuit to attempt to redress workplace sexual harassment.

8. On or about May 10, 2024, in retaliation for plaintiff having opposed workplace conduct which she perceived in good faith to constitute sexual harassment, defendant terminated plaintiff's employment.

9. Defendant, for years, consciously forestalled from attempting to investigate and/or remedy blatant sexual hostility, openly perpetrated in the workplace in which plaintiff was employed. Many acts of egregious sexual hostility were allowed to occur, unattended by any adverse consequence, e.g., defendant did not investigate and/or discipline those responsible for broadcasting sexually offensive and misogynistic music, loudly, in the workplace. Many of the acts which were allowed to occur, sans investigation or an attempt to remedy, were much more severe than the alleged conduct upon which defendant relied, and relies, to justify plaintiff's termination.

10. Any diminution, deficiency and/or misconduct in plaintiff's work performance was the direct and proximate result of the sexual and retaliatory hostility plaintiff experienced. Alternatively, such was the direct and proximate result of a calculated effort by defendant to create a basis for terminating plaintiff's employment. Defendant is therefore estopped from using any such diminution and/or deficiency as a legitimate basis to justify any adverse action against plaintiff.

11. Any efforts by defendant to create a basis to justify plaintiff's termination constituted acts of retaliation, and/or retaliatory hostility.

12. Plaintiff's employment was terminated in a retaliatory manner, i.e., it was

motivated by plaintiff's opposition to workplace sexual hostility.

13. Plaintiff has been required to incur costs and retain counsel in order to attempt to vindicate her federally protected right to a workplace free of retaliation. Plaintiff suffered loss of income, diminution of enjoyment of life, emotional distress and related symptoms resulting from defendant's retaliation, i.e., the termination of plaintiff's employment.

WHEREFORE, plaintiff requests the following relief:

1. For an award of economic damages;

2. For an award of compensatory damages;

3. For an award of punitive damages;

4. For an award of costs and a reasonable attorney's fee; and

5. For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendant to enforce a reasonable policy against sexual harassment and/or policies against sexual/gender harassment, retaliatory harassment, and retaliation which it claims to enforce.

DATED this 5th day of September, 2024.

/s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
Nevada Bar No. 15962
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorneys for Plaintiff*

**INDEX OF EXHIBITS**

June 10, 2024 EEOC Issued Notice of Right to Sue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1